**AMERICAN SAMOA GOVERNMENT, Plaintiff,**

**v.**

**NIKOLAO ALO, Defendant.**

High Court of American Samoa
Trial Division

CR No. 67-97

May 5, 1998

Before: KRUSE, Chief Justice, and TUAOLO, Associate Judge.

Counsel: For Plaintiff, John Cassell, Assistant Attorney General
For Defendant, Loretta Townsend, Assistant Public Defender

ORDER DENYING MOTION TO AMEND SENTENCE

### Introduction

Nikolao Alo ("Alo") pled guilty to a charge of Unlawful Distribution or Delivery of a Controlled Substance (methamphetamine). Alo was sentenced to a 20-year term of imprisonment. Execution of sentence was suspended and Alo was placed on probation on certain conditions which included an 80-month term of detention at the Correctional Facility. Alo

filed a motion to "correct his sentence." He asserts that the court exceeded the scope of its authority in effectively reducing the period of his confinement by only 160 months. Instead, he argues, that his sentence should have been reduced to a maximum five-year term if the court were to place conditions on his sentence at all. That is, Alo avers that A.S.C.A. § 46.2204(a)(1) somehow limits the court's authority in the way in which it may modify a defendant's sentence.

## Discussion

Essentially, defendant's argument hinges on an analysis of statutory construction and interpretation. Alo claims that a tension arises between the statutory construction of the *in pari materia* statutes of A.S.C.A. §§ 46.2204(a)(1) and 46.2206(2) and, consequently, that this tension nullifies the court's ability to issue to him a term of confinement of over five years.

In construing statutes, the court starts with the assumption that the legislature intended to enact an effective law. 73 AM. JUR. 2D, Statutes, § 249 at 422 (1974).

> An interpretation should, if possible, be avoided, under which the statute or provision being construed is defeated, or as otherwise expressed, nullified, destroyed, emasculated, repealed, explained away, or rendered insignificant, meaningless, inoperative, or nugatory.

*Id.* Statutory interpretation requires that two statutes be read harmoniously if it is possible. *U.S. v. Borden Co.*, 308 U.S. 188 (1939). In reading these statutes and deciding whether they are non-contradictory, the court must focus on their plain meaning. *United States v. Turkette*, 452 U.S. 576 (1981) (holding that absent contrary legislative intention, a statute should be interpreted according to its plain language).

We look to whether these two statutory provisions may be read together in a non-contradictory manner.

A.S.C.A. § 46.2204(a)(1) reads in relevant part:

> . . . the *terms during which probation shall remain conditional* and be subject to revocation are: a term of years not less than 1 year and not to exceed 5 years for a felony.

A.S.C.A. § 46.2204(a)(1) (emphasis added).

The second statute, A.S.C.A. §46.2206(2), reads in relevant part:

> . . . when probation is granted, the court . . . may require as a condition of probation that the defendant submit to a period of detention in an appropriate institution at whatever time or intervals within the period of probation, consecutive or nonconsecutive, the court shall designate.
>
> In felony cases, the period of detention . . . may not exceed one third of the maximum prescribed term of imprisonment for the crime of which the defendant has been convicted . . .

A.S.C.A. § 46.2206(2).

If we read these statutes side by side—looking to the plain meaning of the words—we find that they are not contradictory. Defendant is mistaken in his interpretation of the statutes and the tension he perceives between them. Although these statutes are *in pari materia*, they speak to different specific issues and neither governs the court's ability to modify a defendant's probationary sentence. While, neither statute refers specifically to the maximum length of probation that the court is authorized to order, the latter statute does contemplate detention periods *as a condition of probation* in excess of five years. Indeed, where the maximum prescribed term is life imprisonment, A.S.C.A. § 46.2206(2) authorizes the sentencing court to impose up to a 15-year period of detention as a condition of probation. This enactment would be rendered nugatory if defendant's reading of A.S.C.A. § 46.2204(a)(1)—that probationary periods are limited to five years—prevailed. The five-year maximum under A.S.C.A. § 46.2204(a)(1) refers merely to the length of time during which the probationary period is subject to revocation (*i.e.* is "conditional"). The key words in this statute are "terms during which probation shall remain conditional." A.S.C.A. § 46.2204(a)(1), therefore, does not limit the *length* of probation that may be ordered, but rather governs the length of time the defendant is in peril of having his probation revoked.

A.S.C.A. § 46.2206(2), in comparison, refers to the period of time a defendant may be incarcerated as a condition of his probation. Again, A.S.C.A. § 46.2206(2) does not limit the length of *probation* that the court may order. Rather, it limits the defendant's length of *incarceration* to a term that may be fulfilled within the defendant's period of probation and gives the court authority to incarcerate the defendant during his entire term of probation, if necessary. The key concept in this statute is "period of detention [as a] condition of probation."

This reading allows A.S.C.A. §§ 46.2204(a)(1) and 46.2206(2) to stand on their own as non-contradictory, harmonious, and therefore valid, statutes.

93

## Conclusion and Order

Defendant's motion is, therefore, denied.

It is so ordered.